STATE OF NORTH CAROLINA v. JAMES EARL PRATT

No. 8214SC873

(Filed 5 April 1983)

1. **Criminal Law § 34.1— evidence of defendant's guilt of another offense—prejudicial error**

    The trial court in an armed robbery case erred in permitting a witness to testify that defendant told her that he had robbed a certain convenience store by himself two or three weeks before the armed robbery in question since such testimony lacked any relevance to the present case except to show defendant's disposition to commit robbery. Moreover, such testimony constituted prejudicial error in light of the conflicting evidence as to defendant's participation in the robbery in question and questions concerning the credibility of certain State's witnesses.

2. **Criminal Law § 42.4— admissibility of weapon not used in crime**

    A shotgun with defendant's initials spray painted on it was relevant and admissible in an armed robbery case in which the evidence tended to show that defendant drove the getaway car, although it was not used by the perpetrator of the robbery, since the gun was found near the scene of the robbery the next day, defendant was seen leaving his apartment with the gun, and the gun could have been used as a back-up.

3. **Criminal Law § 34.8— evidence of another crime—admissibility to show common plan and scheme**

    In this armed robbery prosecution, evidence of defendant's participation in a break-in of a mobile home and theft of a movie camera and projector which were later traded for a shotgun used in the robbery was relevant and admissible to show a common plan and scheme.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 22 April 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 15 February 1983.

Defendant was indicted, convicted and sentenced to the maximum sentence of forty years for armed robbery.

*Attorney General Edmisten, by Assistant Attorney General Richard H. Carlton, for the State.*

*Lipton & Mills, by William S. Mills, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that he is entitled to a new trial due to the admission of testimony, over defendant's objection, by the

State's witness Linda Currie that defendant told her that he had robbed a Fast Fare convenience store in Hillsborough by himself two or three weeks before the armed robbery which is the subject of the present case. We agree for the following reasons.

In North Carolina, evidence of other crimes is not admissible when its only relevance to the crime charged is in its tendency to show the defendant's disposition to commit a crime of the nature of the one for which he is on trial. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). However, if such evidence tends to prove any other relevant fact it will not be excluded merely because it shows guilt of another crime. *State v. Cherry*, 298 N.C. 86, 257 S.E. 2d 551 (1979). Here, however, the challenged evidence lacks any relevance to the present case except to show defendant's disposition to commit robberies.

Further, the State's evidence is insufficient to overcome the prejudicial effect of the erroneous admission of this testimony. The State presented circumstantial evidence that on 12 November 1981, defendant and Walter Cates, the actual perpetrator of the robbery charged, traded a movie camera and projector for a shotgun owned by Robert Bradshaw; that defendant and Cates sawed down the shotgun at Bradshaw's apartment; that defendant and Cates left Bradshaw's apartment in defendant's car between 8:30 and 9:00 p.m.; that Cates alone went into Medlin's Convenience Store in Durham at approximately 9:00 p.m., pointed the sawed-off shotgun at the clerk, Linda Long, and robbed the store of its cash and an orange bank bag containing cash, checks and food stamps; that defendant and Cates returned to the apartment of Sherri Hamilton Rosso and Vickie Hamilton Clark where they emptied and divided the cash in an orange bank bag between the two of them and burned the checks and food stamps some time after 9:00 p.m.; that defendant and Cates requested Sherri Rosso to drive them some place and defendant specifically told her to avoid Medlin's Store; and that a shotgun identified by Linda Currie as belonging to defendant with the initials "JP" spray painted on its butt and a sawed-off shotgun were found the next day in a churchyard located 50 to 60 yards away from Medlin's Store. Defendant also told Linda Currie that he had driven the getaway car.

On the other hand, there is no evidence that anyone saw defendant or his car at or near the scene of the robbery. Moreover,

Cates, who pleaded guilty, testified for defendant that defendant was not with him and that Jeff Hamilton, the brother of Sherri Rosso and Vickie Clark, drove the getaway car. There were also problems with the credibility of the State's witnesses. Sherri Rosso and Vickie Clark, if Cates' testimony was true, had a motive to lie to protect their brother. There was also evidence that Linda Currie had been jilted by defendant and that upon learning that defendant was going to go back to the mother of his children, she threatened to take defendant "to his grave."

Although the State's evidence is strong, the defendant's evidence is equally strong, thereby increasing the likelihood that the jury was influenced by the testimony. We cannot say that the testimony had no influence upon the jury. We are therefore compelled to order a new trial.

[2, 3] Since we are ordering a new trial, we need not consider defendant's remaining assignments of error except for two evidentiary matters which are likely to recur at the new trial. First, we hold that the shotgun with the initials spray painted on it is relevant and admissible as evidence since the gun could have been used as a back-up, the gun was found near the scene of the robbery the next day, and defendant was seen leaving his apartment with the gun. *See State v. Carnes*, 279 N.C. 549, 184 S.E. 2d 235 (1971). Second, we hold that evidence of a break-in of a mobile home earlier in the day of 12 November 1981, in which defendant was a participant with Jeff Hamilton and Walter Cates and in which the movie camera and projector were taken and later traded for Bradshaw's shotgun is relevant and admissible to show a common plan and scheme. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954).

For the foregoing reasons, defendant is entitled to a

New trial.

Judges BECTON and PHILLIPS concur.